IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JOHNNY MICHAEL STALLARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | Nos. 2:14-CR-20-RLJ-HBG |
| v. ) | 2:15-CV-277-RLJ |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Petitioner Johnny Michael Stallard ("Stallard") was charged with one count of distribution and possession with intent to distribute [Doc. 3].[1] Petitioner subsequently pleaded guilty to the charge [Doc. 103]. The Court sentenced Petitioner to a term of 180 months' imprisonment, pursuant to a Rule 11(c) plea agreement [Docs. 150, 163]. Stallard did not appeal the conviction or sentence. Stallard, however, filed a § 2255 motion [Doc. 213]. The Government filed a Response in opposition [Doc. 219], and the Petitioner filed a Reply [Doc. 225].

## STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, to obtain relief, a petitioner must establish (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceedings invalid. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). He "must clear a significantly higher hurdle than would exist on direct appeal" and demonstrate a "fundamental defect in the proceedings which

---

[1] All references are to documents in case no. 2:14-CR-20-RLJ-HBG.

1

necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F3d 427, 430 (6th Cir. 1998).

Moreover, a petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). He must identify specific acts or omissions to prove that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id*., as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"). A petitioner must also establish "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285-86 (2000). Because a petitioner "must satisfy *both* prongs of *Strickland* to obtain relief on an ineffectiveness claim, the inability to prove either one of the prongs – regardless of which one – relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (*en banc*) (emphasis in original); *accord Strickland*, 466 U.S. at 697.

### ANALYSIS OF CLAIMS

Petitioner presents three claims in his § 2255 motion: (1) "Actual Innocence" of the charge to which he entered a plea of guilty; (2) ineffective assistance of counsel; and (3) entry of a guilty plea which was not "knowingly or intelligently made."

It is the opinion of this Court that none of these claims warrant relief. As a threshold matter, the Petitioner's third claim is procedurally defaulted, because Petitioner could have raised it on direct appeal, but did not. "In the case where the defendant has failed to assert his claims on direct appeal

2

and thus has procedurally defaulted, in order to raise them in a § 2255 motion he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003); *see also Bousley v. United States*, 523 U.S. 614, 621 (1998) ("Even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."); accord *United States v. Frady*, 456 U.S. 152, 167-68 (1982). The "hurdle" that a petitioner faces to excuse procedural default is "intentionally high. . . , for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000). Petitioner has not established any good cause and prejudice as to his third claim, which should therefore be dismissed.

The Court, nonetheless, will evaluate all three of Petitioner's claims in turn.

Petitioner claims he did not know he was distributing a federally-scheduled substance nor even the "actual identity of the substance he was distributing" [Doc. 213]. Therefore, he argues that he is actually innocent of the offense to which he pleaded guilty. He claims that his lawyer was wrong to tell him that "his knowledge that state authorities were criminalizing the distribution of 'bath salts' and 'gravel' was enough to meet the knowledge element of 21 U.S.C. § 841." Petitioner has not established deficient performance by counsel, nor that his plea was unknowing or involuntary as a result. In short, Petitioner has not established any basis upon which relief may be granted.

The Government argues that to obtain a conviction for a conspiracy to violate 21 U.S.C. § 841, the evidence must prove (1) an agreement by two or more persons to violate the drug laws, (2) knowledge and intent to join in the conspiracy, and (3) participation in the conspiracy. *United States v. Salgado*, 250 F.3d 438, 446 (6th Cir. 2001). For cases involving controlled-substance analogues, the evidence must also show *either* that the defendant knew that the substance was controlled, "regardless of whether he knew the particular identity of the substance," *or* that he knew the nature of the substance he was dealing, "even if he did not know its legal status as an analogue." *McFadden v. United States*, 135 S. Ct. 2298,

2305 (2015). That knowledge may be established by circumstantial evidence or statements that the substance produces physiological effects similar to those produced by controlled substances. *See id*. at 2304 n.1; *id*. at 2306 n.3; *see also United States v. Sullivan*, 714 F.3d 1104, 1107 (8th Cir. 2013) (evidence that a defendant "indicat[ed] the bath powder was illegal supports a reasonable inference he knew the powder contained a controlled substance analogue).

In the present case, the Government asserts and the Court agrees, that Stallard knew that "bath salts" and "gravel" had been criminalized by state authorities and were thus illegal. The Court agrees that this knowledge, combined with the other evidence, was sufficient to satisfy all of the elements of the charged offense. Stallard's counsel correctly advised Stallard that the knowledge element as to his controlled-substance-analogue offense had been satisfied.

Finally, Stallard cannot claim that the Government would have been unable to prove his guilt at trial. By pleading guilty, Petitioner stipulated that he committed acts satisfying the elements of the offense to which he pleaded guilty, and the United States has no obligation to present any evidence whatsoever. *E.g.*, *United States v. Martin*, 526 F.3d 926, 932 (6th Cir. 2008) (a guilty plea waives any challenge to the sufficiency of the evidence). The Court finds that the Petitioner understood all aspects of the guilty plea proceedings, and that he pleaded guilty because he was, in fact, guilty. "Solemn declarations in open court carry a strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

At his change of plea hearing, Stallard confirmed that he had read the indictment, had fully discussed the case with his attorney, with whose representation he was satisfied, and that he understood the legal rights he was giving up by pleading guilty [Doc. 218, Plea Tr. at 5-8]. This Court referenced the written plea agreement, and Stallard affirmed his agreement with its specific terms. He confirmed that he was waiving his rights to direct appeal and collateral review, except under limited circumstances. After being advised of the elements of the offense and the maximum possible punishment, Stallard stated that the factual summary in the plea agreement was true, and that he was pleading guilty because he was, in fact, guilty. This Court observed the Petitioner and

4

concluded that he was pleading guilty because he was, in fact, guilty, that he was competent and capable of entering an informed plea, and that he was pleading guilty knowingly and voluntarily [Doc. 218, Tr. at 13, 18].

## **CONCLUSION**

The Court finds that because all of the claims presented in the Motion [Doc. 213] lack merit, Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255. A hearing is unnecessary in this case. A judgment will enter **DENYING** the Motion [Doc. 213].

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge